# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

              Plaintiff,    :    Case No. 2:15-cr-052

                                  District Judge Michael H. Watson
- vs -                            Magistrate Judge Michael R. Merz

DAVID H. DeMATHEWS,

              Defendant.    :

## DECISION AND ORDER DENYING MOTION FOR EVIDENTIARY HEARING; REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 2255. The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the judicial workload in the District.

DeMathews, who is proceeding *pro se,* claims in his Motion to Vacate that he received ineffective assistance of trial counsel in that

> [D]efense counsel made certain promises and representations which induced Petitioner to plead guilty, and that those promises had not been fulfilled. In particular, Petitioner's relayed word to his client that the prosecutor had promised to specifically recommend a 5 year sentence and Defendant received 11 years, 10 month sentence. A guilty plea, if induced by promises that deprive it of the character of a voluntary act, is void.

1

**Litigation History**

On March 3, 2015, a grand jury for this judicial district indicted DeMathews on thirty-nine felony counts, including wire fraud, money laundering, mail fraud, engaging in monetary transactions in property derived from specified unlawful activity, and being a felon in possession of a firearm (Indictment, ECF No. 1). A year later, and having changed attorneys, DeMathews entered into a plea agreement with the United States in which he agreed to plead guilty to Count 4 (wire fraud) and Count 35 (engaging in monetary transactions in property derived from specific unlawful activity) (Plea Agreement, ECF No. 44, PageID 107, ¶ 1). The Plea Agreement acknowledges the maximum imprisonment terms provided by law are twenty years for wire fraud and ten years for the violation of 18 U.S.C. § 1957. *Id.* at ¶ 2.

Regarding sentence, DeMathews acknowledged the applicability of the advisory sentencing guidelines. The parties further agreed that:

> 9. Defendant DAVID H. DeMATHEWS is further aware that any estimate of the probable sentencing range under the Guidelines that he may receive from his attorney, the United States, or the Probation Office is a predict on- not a promise- and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning the sentence that the defendant will receive, and the defendant cannot withdraw his guilty plea based upon the actual sentence imposed.
>
> 10. The parties hereby enter into the following agreements and make the following recommendations regarding the application of the Sentencing Guidelines:

> a. The parties agree that the applicable starting guide line is U.S.S.G. § 2S 1.1 (a)(2), and any other guidelines that may apply. The defendant reserves the right to object to any determinations made by the Probation Office as it relates to the applicable guide lines.
>
> b. The parties also agree that a 1-level increase under U.S.S.G. § 2S I. I (b)(2)A) applies because of the defendant's conviction under 18 U.S.C. § 1957.
>
> c. The United States Attorney for the Southern District of Ohio recommends that as of the time of the execution of this Plea Agreement, the defendant has accepted responsibility for the offenses to which he has agreed to plead guilty, and is therefore entitled to a 2-level reduction in the applicable offense level, pursuant to U.S.S.G. § 3EI .1 (a). If the defendant continues to accept responsibility through the time of sentencing, the United States will inform the Court, pursuant to U.S.S.G. § 3E 1.1 (b ), that the defendant has timely notified authorities of his intention to plead guilty, which will result in an additional 1 point reduction in his offense level.
>
> d. The parties make no representations as to the amount or loss, the amount of restitution, the defendant's criminal history computation, or to any other guidelines that may apply.

*Id.* at PageID 109-10. The United States Attorney promised that if DeMathews pleaded guilty and otherwise complied with the Plea Agreement, it would dismiss the remaining charges. *Id.* at PageID 110-11, ¶ 12. Paragraph 17 of the Plea Agreement provides: "No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties." *Id.* at PageID 113.

On March 16, 2016, the case came on for change of plea hearing before District Judge Watson (Transcript, ECF No. 63, PageID 251, et seq.). After DeMathews was sworn, Judge Watson warned him that any false statement he made could lead to additional charges of perjury or making a false statement. *Id.* at PageID 253. Assistant United States Attorney Jessica Kim

3

summarized the written Plea Agreement, including that no additional promises had been made and that "there is an appellate waiver in this case." *Id.* at PageID 259-61. DeMathews agreed that what Ms. Kim had stated was indeed his agreement. *Id.* at PageID 261. Judge Watson again warned him that untrue testimony could cause perjury charges. *Id.* at PageID 262. He then found the guilty plea was knowingly, intelligently, and voluntarily entered. *Id.* at PageID 271-72.

DeMathews was sentenced on July 27, 2016 (Transcript, ECF No. 64, PageID 276, et seq.). Those proceedings were transcribed and contain no protest from DeMathews that the sentence was different from what he had allegedly been promised.

Defendant then appealed to the Sixth Circuit Court of Appeals which dismissed the appeal on the basis of the appeal waiver in the Plea Agreement. *United States v. DeMathews,* No. 16-3935 (6th Cir. Feb. 16, 2017) (unreported; copy at ECF No. 68). Despite the appeal waiver, the court noted DeMathews could have attacked a failure to comply with Fed. R. Crim. P. 11, the validity of the plea, or the "knowing and voluntary nature of the waiver." *Id.* at PageID 335. The court found he did not challenge the validity of the guilty plea and independently found that: Judge Watson had complied with Rule 11; and the guilty plea was knowing, intelligent, and voluntary. *Id.* at PageID 336.

## Analysis

DeMathews asks the Court to believe that his guilty plea was induced by a representation from his attorney that the prosecutor would recommend at five-year sentence (Motion, ECF No. 71, PageID 396). The record conclusively shows this claim to be without merit.

4

First of all, the supposed representation is not offered with any corroborating detail, such as to which of his attorneys the representation was made on which occasion in what words. DeMathews does not tell the Court how he learned of the representation: what did his lawyer actually say to him, and when did that occur? DeMathews presents no corroboration from the attorney who supposedly received the representation. Or perhaps DeMathews is claiming that there was no such representation, and his lawyer lied to him about it.

Second, DeMathews offers no evidence at all in support of his Motion. Not only is there nothing from his attorney, but DeMathews himself has not filed an affidavit swearing under oath that the representation happened.

Third, DeMathews has not explained why the Court should disregard the representations he made in the Plea Agreement that there were no other promises or representations beyond those which were expressed in the agreement, despite the final paragraph which says there were not.

Fourth, DeMathews has offered no reason why he should be believed now (when he is not under oath) as opposed to all of the solemn assurance he gave Judge Watson under oath during the plea colloquy.

Fifth, DeMathews has not explained why he waited so long to speak up. He certainly knew as early as July 13, 2016--two weeks before he was sentenced—when the Government filed its Sentencing Memorandum (ECF No. 50) that any supposed promise to recommend five years had been broken. That Memorandum notes that the Probation Officer recommended a sentence of seventy-eight months on each count, to be served concurrently. *Id.* at PageID 129. This was at the top of the Guideline range of 63-78 months. The Assistant United States Attorney wrote that a sentence within the Guideline range "is woefully inadequate to address the sentencing consideration set forth in 18 U.S.C. § 3553(a)" and recommended an upward departure. *Id.* at

5

PageID 146. Nothing in DeMathews's own Sentencing Memorandum (ECF No. 53) protests the Government's recommendation as somehow violating the Plea Agreement.[1]

Nor did DeMathews protest that the Plea Agreement was being violated during the sentencing proceeding (Transcript, ECF No. 64). Nor did he attempt to withdraw his guilty plea on the basis that the Government had breached the deal, although the law would have allowed him at that point to withdraw his plea if it had been based on an unkept promise. *See, e.g.*, *United States v. Mandell*, 905 F.2d 970, 973, citing *Santobello v. New York*, 404 U.S. 257, 262-63 (1971) ("A breached plea agreement may be remedied by either specific performance of the agreement or by allowing the defendant to withdraw the plea.").

Nor did DeMathews claim on appeal that the prosecutor had breached her promise, although prosecutorial misconduct was outside the scope of the appeal waiver (See Plea Agreement, ECF No. 44, PageID 111).

DeMathews asks the Court to hold an evidentiary hearing on his Motion to Vacate (Motion for Evidentiary Hearing, ECF No. 78), but makes no proffer of what evidence he would present at such a hearing. He does not indicate that his attorney would corroborate his story of a broken promise from the prosecutor. The prosecutor has herself[2] disclaimed making any promises outside the written Plea Agreement (Memo. in Opp. to Motion to Vacate, ECF No. 74, PageID 405). DeMathews does not say that he himself would testify at such a hearing, and, indeed to do so would place him in grave peril: if his guilty plea were vacated, he would face trial on the full thirty-nine count indictment, plus whatever perjury or false statements charges would be brought

---

[1] The Magistrate Judge elides any detailed discussion here because Defendant's Sentencing Memorandum was filed under seal.

[2] The Magistrate Judge notes that the Assistant United States Attorney who represented the United States in the plea negotiations, plea colloquy, and sentencing also filed the Government's Opposition to the Motion to Vacate.

6

based on his now supposedly false statements at the plea colloquy that there were no inducing representations outside the Plea Agreement.

Therefore, holding an evidentiary hearing in this case would be a purely formalistic exercise because Defendant has suggested no credible evidence which would affect the outcome. On the other hand, conducting that exercise would be costly. The Court would be required to appoint counsel, have Defendant transported by the Marshal from his present place of confinement, and convene a hearing only to have Defendant admit he made false statements when he pleaded or stand mute and offer no evidence at all. This would completely exalt form over substance and is not required under 28 U.S.C. § 2255 or the Rules Governing those proceeding. The Motion for Evidentiary Hearing (ECF No. 78) is therefore DENIED.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 15, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).