# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

David H. DeMathews,

    Movant,                                               Civ. Case No. 18-cv-439

    v.                                                          Crim. Case No. 2:15-cr-52

United States of America,                Judge Michael H. Watson

    Respondent.                               Magistrate Judge Michael R. Merz

## OPINION AND ORDER

On April 15, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Movant's motion to vacate his sentence under 28 U.S.C. § 2255 be denied. ECF No. 80. Movant objects to the R&R. ECF No. 86. Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For the following reasons, Movant's objections are **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**. The motion to vacate is **DENIED**. The Court **DISMISSES** this action; **DECLINES** to issue a certificate of appealability ("COA"); and **CERTIFIES** that any appeal would be objectively frivolous.

Pursuant to a negotiated plea agreement, Movant was convicted of one count of wire fraud, in violation of 18 U.S.C. § 1343, and engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. ECF Nos. 44, 56. On February 16, 2017, the Sixth Circuit Court of Appeals dismissed Movant's appeal. ECF No. 68. Movant subsequently filed

the instant motion to vacate alleging that he received ineffective assistance of counsel during plea negotiations. ECF No. 71. Specifically, Movant alleges that his counsel erroneously told him that if he pleaded guilty, Respondent promised to recommend a five-year sentence. *Id.* Movant pleaded guilty, but Respondent made no such recommendation. Indeed, Respondent asked the Court to impose a sentence that was above the guideline range or to impose consecutive sentences for both convictions.

The Magistrate Judge correctly determined that the record conclusively demonstrates that Movant's claim is without merit. ECF No. 80. The Magistrate Judge explained that Movant failed to describe exactly what his former counsel allegedly said to him about Respondent's purported promise or when counsel allegedly conveyed such information to Movant. The Magistrate Judge also explained that the plea agreement does not contain a promise from Respondent to make a five-year sentence recommendation and that it explicitly denies the existence of any promises aside from the ones contained in the agreement. Further, the Magistrate Judge noted that Movant agreed at his plea hearing that there were no promises except the ones contained in the plea agreement and that he has offered no reasons why the Court should discredit those in-court statements that he made under oath. The Magistrate Judge also found that Movant delayed alleging that Respondent had promised to recommend a five-year sentence despite having earlier opportunities to do so. Respondent

recommended an upward departure from the applicable guideline sentence range two weeks prior to the sentencing hearing and made that same recommendation again at the sentencing hearing. Movant did not protest that recommendation before or during the hearing. Nor did Movant allege that Respondent made or broke a promise to make a five-year sentence recommendation during his appeal.

Movant does not explicitly object to the Magistrate Judge's conclusion or analysis. Instead, he asserts that that Court should appoint him counsel for purposes of his motion to vacate because "everyone in a court of law, is entitled to counsel" and because he is indigent. ECF No. 86, at PAGEID ## 460–61. This objection is without merit. The Sixth Amendment does not require appointment of counsel for collateral attacks on convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the Sixth Amendment right to counsel does not apply to collateral attacks). Instead, in non-capital cases like this one, counsel must be appointed to represent indigent movants only if a district court orders an evidentiary hearing or determines that counsel is necessary for effective discovery. Rules 6(a) and 8(c) of the Rules Governing Section 2255

Proceedings in the United States District Courts ("the Habeas Rules"). For all other motions to vacate filed in non-capital cases, the decision to appoint counsel lies within the discretion of the district court and is only appropriate when "the interests of justice" or "due process so require[s]." 18 U.S.C. § 3006A(a)(2)(B); see also 28 U.S.C. § 2255(g) (recognizing that court may appoint counsel, as provided in § 3006A, "in all proceedings brought under this section"). When evaluating whether the interests of justice require a court to appoint counsel, courts consider "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Stephens v. United States*, No. 1:16-cv-832, 2018 WL 1522080, at *3 (S.D. Ohio March 28, 2018) (quoting *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004)).

Here, the Magistrate Judge denied Movant's motion for an evidentiary hearing. ECF Nos. 78, 80. The Court will not disturb that decision because Movant's allegations are contradicted by the record, and, thus, no hearing is necessary. *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 2008) (internal quotation marks omitted)) ("[W]here the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts, no hearing is necessary.") In the absence of a hearing, Movant has no right to appointed

counsel in this case. In addition, the Court does not find that the interests of justice require the Court to discretionarily appoint counsel— the Court is not persuaded that this case is legally or factually complex or that Movant cannot present his ineffective assistance claim, which is based upon information purportedly within his knowledge (i.e., what his former counsel allegedly told him). Accordingly, this objection is overruled.

Movant also alleges for the first time in his objections that counsel performed ineffectively at sentencing. Specifically, he asserts that the Presentence Investigation Report ("PSIR") prepared by United States Probation did not discuss consecutive sentences and that his counsel "never discussed consecutive sentencing" with him. ECF No. 86, at PAGEID # 460.[1] The Court concludes that Movant cannot amend his motion and raise this new claim in this manner. Absent compelling reasons, claims raised for the first time in objections to a magistrate judge's report and recommendation are waived. See Murr v. United States, 200 F.3d 895, 902 n. 1. (6th Cir. 2000).

No compelling reasons warrant amendment because the new ground is barred by the statute of limitations. Movant was sentenced on July 27, 2016. ECF Nos. 54, 56. The Sixth Circuit dismissed Movant's appeal on February 16,

---

[1] The Court notes that at the plea hearing, Movant stated that he understood that the Court could sentence him to consecutive sentences, and that if the Court opted to do so, Movant could serve a sentence of 30 years. ECF No. 63, at PAGEID ## 255–56. Thus, the Court does not find credible Movant's claim that he was unaware that he could be subject to consecutive sentences.

2017. ECF No. 68. Although Movant did not seek a writ of certiorari from the United States Supreme Court, he had 90 days, or until May 17, 2017, to do so. *See Clay v. United States*, 537 U.S. 522, 525, 532 (2003); 28 U.S.C. § 2101(c). The one-year statute of limitations to file a motion to vacate began running the next day, May 18, 2017, and it expired one year later, on May 18, 2018. *See* 28 U.S.C. § 2255(f)(1). The new ground was raised, however, in the objections, which are dated June 24, 2019. ECF No. 86, at PAGEID # 459. Therefore, the claim is untimely. Moreover, the untimely ground—that counsel failed to discuss with him consecutive sentencing—is based on facts that differ in both time and type from the allegations in the original motion—that counsel erroneously told him that Respondent promised to recommend a five-year sentence if he pleaded guilty. Because the untimely ground does not relate back to the claim in the original motion to vacate, amendment would be futile. *See Dado v. United States*, No. 17-2013, 2018 WL 1100279, at * 3 (6th Cir. Feb. 15, 2018) (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (finding that district court did not err in denying attempt to amend a motion to vacate; an amended petition does not escape the one-year statute of limitations if it asserts new grounds for relief that rely on alleged facts that differ in both time and type from those alleged in the original pleading)); *United States v. Clark*, 637 Fed. App'x. 206, 209 (6th Cir. 2016) (explaining that "[a] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired") (internal

citations omitted); *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008). Moreover, Movant does not allege, and the record does not reflect, any basis for tolling the statute of limitations.

Movant also objects to the Magistrate Judge's recommendation that the motion to vacate be dismissed with prejudice. In support of that objection, he cites the Order for Answer issued by Magistrate Judge Jolson before this case was transferred to Magistrate Judge Merz in order to balance workloads across the district. ECF No. 86, at PAGEID # 461 (citing ECF No. 73); *see also* ECF No. 79. This objection is without merit. Rule 4(b) of the Habeas Rules requires a district court to examine a motion to vacate and summarily dismiss it if it plainly appears deficient and to order that other action be taken if it is not summarily dismissed. Although a district court must consider issues related to the court's jurisdiction during that examination, such as whether a motion is successive or if a movant can satisfy the custody requirement, a district court is not required to analyze all potential affirmative defenses as if they were jurisdictional bars. Brian R. Means, *Postconviction Remedies* § 15:2 (2019). Moreover, a district court may summarily dismiss a motion if it asserts allegations that are "vague and conclusory," "palpably false," or "patently frivolous or false." *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977). But it is not required to do so. In any event, a motion that survives that examination is not subsequently immunized from being dismissed with prejudice. This objection is also overruled.

Last, Movant objects to the Magistrate Judge's recommendation that the Court decline to issue a COA. ECF No. 86, at PAGEID # 462. Movant specifically contends that the Magistrate Judge used the wrong standard when making that COA recommendation. Movant is incorrect. When a claim has been denied on the merits, a COA may issue only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). The Magistrate Judge concluded that reasonable jurists would not disagree that the record conclusively establishes that Movant's ineffective assistance of counsel claim is without merit. The Court agrees.

For these reasons, the R&R, ECF No. 80, is **ADOPTED** and **AFFIRMED**. The Clerk is **DIRECTED** to enter final judgment.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**